IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOHN GARY U.,** | * | |
| **Plaintiff,** | * | |
| vs. | * | Civil Action No.   ADC-19-3145 |
| **ANDREW M. SAUL,** | * | |
| **Commissioner of Social Security** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On October 30, 2019, John Gary U. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Disability Insurance Benefits ("DIB"). ECF No. 1 ("the Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 10, 12), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2018). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 10) and Defendant's Motion for Summary Judgment (ECF No. 12) are DENIED, the decision of the SSA is REVERSED IN PART, and the case is REMANDED to the SSA for further analysis in accordance with this opinion.

### PROCEDURAL HISTORY

On August 19, 2016, Plaintiff filed a Title II application for DIB, alleging disability beginning on August 3, 2016. His claim was denied initially and upon reconsideration on January 5, 2017 and April 12, 2017, respectively. Subsequently, on May 23, 2017, Plaintiff filed a written request for a hearing and, on August 30, 2018, an Administrative Law Judge ("ALJ") presided over a video hearing. On October 19, 2018, the ALJ rendered a decision ruling that

1

Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act [(the "Act")], from August 3, 2016, through the date of this decision." ECF No. 9 at 17. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination, and, on August 27, 2019, the Appeals Council denied Plaintiff's request for review.

On October 30, 2019, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. On June 23, 2020, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on August 10, 2020. This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct

legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB a claimant must establish that he is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his

age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§

404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## **ALJ DETERMINATION**

In the instant matter, with regard to Plaintiff's DIB claim, the ALJ preliminarily found that Plaintiff met the insured status requirements of the Act through December 31, 2022. ECF No. 9 at 18. The ALJ then performed the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in substantial gainful activity since August 3, 2016, the alleged onset date." *Id.* at 19. At step two, the ALJ found that Plaintiff had the following severe impairments: "back disorder; obesity; and lumbar neuritis." *Id.* At step three, the ALJ determined that

Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 19. At step four, the ALJ determined that Plaintiff has had the RFC:

> to perform light work as defined in 20 CFR 404.1567(b), except for the following: [Plaintiff] would be allowed an opportunity to alternate positions sitting and standing on an occasional basis throughout the work day; [Plaintiff] would not be required to perform more than occasional postural activities; [Plaintiff] cannot perform any climbing; and [Plaintiff] cannot be exposed to heights or hazards.

*Id.* at 20. The ALJ then determined that Plaintiff has been able to perform past relevant work as a toll collector. *Id.* at 25. Thus, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from August 3, 2016 through the date of this decision." *Id.* at 26.

## DISCUSSION

Plaintiff raises on appeal the allegation that the ALJ applied an improper legal standard in evaluating Plaintiff's subjective complaints of pain. ECF No. 10-1 at 4. Within this argument, Plaintiff also alleges that the ALJ erroneously assessed his credibility. ECF No. 10-1 at 6.

Plaintiff's allegation that the ALJ applied an improper legal standard contains a number of arguments, each of which the Court will address. The first argument Plaintiff asserts is that the ALJ improperly required him to provide objective evidence to substantiate the intensity, persistence, and limiting effects of his pain in violation of *Hines v. Barnhart*. ECF No. 10-1 at 6. Defendant contends that *Hines* is inapplicable and that the ALJ followed the requirements of SSR 16-3p in assessing Plaintiff's subjective complaints of pain. ECF No. 12-1 at 5. The Court agrees in part with Defendant.

The United States Court of Appeals for the Fourth Circuit laid out the two-step process for evaluating whether a person is disabled by pain and other symptoms under 20 C.F.R. §§ 404.1529 and 416.929:

> Under the regulations implementing the [Act], an ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms. First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms. Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. The second determination requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects.

*Lewis v. Berryhill*, 858 F.3d at 865–66 (internal citations omitted); *see also Craig*, 76 F.3d at 594 (describing the two-step process). At the second stage, the ALJ must consider all the available evidence, including the claimant's medical history, medical signs, statements by the claimant and her treating or examining physicians, objective medical evidence of pain, and any other information proffered by the claimant. 20 C.F.R. §§ 404.1529(c)(1)– (3), 416.929(c)(1)– (3). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL 5180304, at *1–12 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's ability to perform daily activities, activities that precipitate or aggravate the symptoms, medications and treatments used, and other methods used to alleviate the symptoms. *Id.* at *6.

In addition, the ALJ should consider inconsistencies in the evidence to determine whether a claimant's subjective claims regarding his pain symptoms can reasonably be accepted. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4). Subjective symptoms of pain, standing alone, cannot sustain a finding of disability and a claimant must substantiate his allegations of pain. 20 C.F.R.

§§ 404.1529, 416.929; *see also Mickles v. Shalala*, 29 F.3d 918, 923 (4th Cir. 1994) (stating that pain may render claimant incapable of working independent of any physical limitation, but allegations of pain alone are insufficient to find a disability). "According to the regulations, the ALJ 'will not reject [a claimant's] statements about the intensity and persistence of [their] pain or other symptoms or about the effect [the claimant's] symptoms have on [their] ability to work solely because the available objective medical evidence does not substantiate [the claimant's] statements.'" *Lewis*, 858 F.3d at 866 (quoting 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)). The ALJ, therefore, is required to make a finding regarding a claimant's credibility and should specifically refer to the evidence supporting that finding, *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (per curiam), but the ALJ cannot discount Plaintiff's subjective evidence of pain solely based on objective medical findings, *Lewis*, 858 F.3d at 866 (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)).

In the present case, the ALJ recognized his obligation to follow the two-step process in considering Plaintiff's symptoms. The ALJ found that after analyzing the evidence in the record, Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms, but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not fully consistent with the medical evidence and other evidence in the record." ECF No. 9 at 21.

Prior to this determination, the ALJ summarized Plaintiff's testimony at the hearing as follows:

> At the hearing, [Plaintiff] testified that he is not taking any pain medications, because he does not want to get addicted to them. He testified that he does not want any additional surgery. The [Plaintiff] testified that he is currently not working, and he last worked in August 2016. He testified that he can no longer work, due to his chronic pain. Regarding limitations, the [Plaintiff]

> testified that he can lift/carry about 5 to 10 pounds; he can sit for about 7 minutes; he can stand for about 10 to 20 minutes; and he can walk about half a mile to one mile. He complained that he lies down for about two to three hours a day, due to his chronic pain. The [Plaintiff] testified that his activities of daily living are limited, due to his alleged impairments. He testified that he cleans some; cooks some; he does some laundry; he drives short distances; he washes dishes; he gets together with family; and he reads. The [Plaintiff] testified that his surgeries have helped, but he still has chronic pain. He also testified that he is receiving disability-retirement benefits from the state of Maryland.

*Id.* 21. The ALJ then described Plaintiff's medical history, summarizing Plaintiff's operative reports, office treatment records, X-rays, and MRIs. *Id.* at 21-23. The ALJ stated that Plaintiff had received "conservative treatment since his surgery" and then described the findings of the Disability Determination Explanations and medical consultant's review of Plaintiff's physical residual functional capacity assessment. *Id.* at 23.

Plaintiff argues that the ALJ's above conclusion was based on the application of an improper legal standard in evaluating Plaintiff's pain. Plaintiff relies on *Hines v. Barnhart*, 453 F.3d 559, 563 (4th Cir.2006) to assert that the ALJ erred in determining that Plaintiff's pain complaints were inconsistent with the objective evidence. ECF No. 10-1 at 6. Plaintiff argues that *Hines* established that he need not provide objective evidence to substantiate the intensity, persistence, and limiting effects of his pain. *Id.* This reliance on *Hines* is misplaced. *Hines* involved a plaintiff with sickle cell disease, "an illness where there is no way to objectively demonstrate a patient has pain." *Id.* at 561. Here, the ALJ discussed objective evidence such as treatment records, MRIs, and X-rays as a basis for his decision. ECF No. 21-23. The Fourth Circuit notes that, "[a]lthough a claimant's allegations about [his] pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence." *Hines*, 453 F.3d at 565. Therefore, if there is significant evidence that contradicts Plaintiff's subjective

10

complaints, the ALJ must consider that evidence in conjunction with the subjective evidence. *See id.* A claimant's statements will be evaluated in relation to the objective medical evidence and other evidence in reaching a conclusion as to whether they are disabled. CFR § 404.1529(c)(4).

To support the allegation that the ALJ erroneously evaluated his subjective complaints, Plaintiff also argues that the ALJ improperly relied on his own personal observations and medical judgments. ECF No. 10-1 at 7. The Court finds this argument is without merit. Plaintiff contends that the ALJ substituted his own opinions when determining: (1) that Plaintiff had undergone conservative treatment since his surgery on August 3, 2016 (ECF No. 10-1 at 6-7); (2) that Plaintiff's MRIs and X-rays reflected a particular pain level (ECF No. 10-1 at 8); and (3) that Plaintiff had undergone limited physical therapy. ECF No. 10-1 at 8. Plaintiff relies on *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 271 (4th Cir.2017). *Brown* however, can be distinguished from the instant matter. In *Brown*, the ALJ erred by entirely disregarding the objective medical evidence in his determination, thus exercising an expertise he did not possess. *Id.* Here, the ALJ acknowledged the medical evidence, relying primarily on the DDE and medical consultant's review for his determination. ECF No. 9 at 24.

Plaintiff's remaining argument is that the ALJ failed to identify and reference specific inconsistencies with the objective and subjective findings in his analysis. ECF No. 10-1 at 9. Plaintiff relies on *Lewis v. Berryhill* and *Mascio v. Colvin* for this argument. In *Mascio v. Colvin*, the Fourth Circuit specifically found that the ALJ did not perform a proper function-by-function analysis because while "the ALJ concluded that Mascio can perform certain functions, he said nothing about Mascio's ability to perform them for a full workday." *Mascio*, 780 F.3d at 637. The ALJ's conclusion was inappropriate because the reviewing courts were "left to guess about how the ALJ arrived at his conclusions on Mascio's ability to perform relevant functions." *Id.* In

*Lewis v. Berryhill*, the Court found the ALJ erred when he failed to explain in his decision what statements by Lewis "undercut her subjective evidence of pain intensity as limiting her functional capacity." 858 F.3d 858, 866 (4th Cir.2017).

The Court agrees with Plaintiff that the ALJ erred at this step. The ALJ's analysis simply set out the medical evidence and his conclusions but leaves the Court to "guess about how the ALJ arrived at his conclusions." *Mascio*, 780 F.3d at 637.

The ALJ determined that Plaintiff's "alleged impairments, symptoms, and limitations…are not fully consistent with the evidence [and] [t]he evidence generally does not support the claimant's alleged loss of functioning." ECF No. 9 at 23. To support this finding, the ALJ expressed the following rationale:

> The [Plaintiff] has a back disorder; the claimant is obese; and the claimant has lumbar neuritis. However, the [Plaintiff] has received conservative treatment since his surgery on August 3, 2016. The [Plaintiff] testified at the hearing that his surgery helped, but not completely. The Disability Determination Explanations (DDEs) in Exhibits 1A and 3A, and the medical consultant's review of physical residual functional capacity assessment in Exhibit 8F, state that the [Plaintiff] has the residual functional capacity to perform light work. The MRIs and x-rays indicate stable fusion. In addition, the [Plaintiff] has undergone limited physical therapy, and the [Plaintiff] is not taking any pain medications. Furthermore, the progress notes suggest moderate pain levels. Therefore, the undersigned finds that the [Plaintiff] has the residual functional capacity to perform limited light work.

*Id.* The ALJ further found that "[t]he medical evidence discussed above shows that the [Plaintiff's] allegations of disabling impairments, which are found in the [Plaintiff's] disability reports and hearing testimony, are inconsistent with the objective findings and subjective findings on examination." *Id.* at 24. The ALJ based this determination on "the [Plaintiff's] conservative course of treatment, conservative nature of medications, recorded physical health signs and symptoms, and degree of activities of daily living performed, [and his] degree of

activities of daily living performed." *Id.* The ALJ explained that Plaintiff's "symptoms exceed the findings contained in the medical records. [Plaintiff's] hearing testimony is inconsistent with the medical evidence of record, and it is not well supported by the medical evidence of record." *Id.* Accordingly, the ALJ determined that Plaintiff's allegations and subjective complaints were not fully consistent with the evidence. *Id.*

Here, the Court finds that the ALJ failed to set out a logical explanation for his determination. *Thomas v. Berryhill*, 916 F.3d 307, 313 (4th Cir. 2019). In *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019), the Fourth Circuit specifically provided "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." *Id.* at 311. The Fourth Circuit in *Thomas* "simply ask[ed] the ALJ to give [the court] a clearer window into her reasoning." *Id.* at 313. In this case, the ALJ has not provided the Court with the second component.

Over the course of the opinion, the ALJ referred to various exhibits and testimony to support his determinations, but did not explain the link between the two. For example, the ALJ states that:

> The medical evidence discussed above shows that the [Plaintiff's] allegations, [Plaintiff's] disability reports and hearing testimony, are inconsistent with objective findings and subjective findings on examinations.

ECF No. 9 at 24. However, the ALJ did not specify which piece or pieces of medical evidence summarized in the three preceding pages he is referring to, nor did he articulate which particular impairment is not supported by the evidence. As another example, in that same paragraph the ALJ stated that Plaintiff's "symptoms exceed the findings contained in the medical record" and "hearing testimony is inconsistent with the medical evidence of record, and it is not supported by

13

the medical evidence of record." *Id.* However, the analysis stops there. The ALJ provided that the Plaintiff testified that "surgery helped, but not completely" but did not explain how this is inconsistent with, or unsupported by, the medical evidence. *Id.* Further, the ALJ did not elaborate on which of Plaintiff's symptoms exceed the findings in the medical record.

Plaintiff also argues that the ALJ erred in his assessment of Plaintiff's credibility. The Court agrees. As noted, "the ALJ 'will not reject [a claimant's] statements about the intensity and persistence of [their] pain or other symptoms or about the effect [the claimant's] symptoms have on [their] ability to work solely because the available objective medical evidence does not substantiate [the claimant's] statements.'" *Lewis*, 858 F.3d at 866 (quoting 20 .C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)). The ALJ, therefore, is required to make a finding regarding a claimant's credibility and should specifically refer to the evidence supporting that finding, *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (per curiam). The Court finds the ALJ also erred at this step.

Here, the ALJ determined that Plaintiff's "hearing testimony is not well supported by the progress notes after the [Plaintiff's] August 2016 surgery recovery." ECF No. 9 at 24. The subsequent analysis, however, is the exact same paragraph as the analysis for why the medical evidence does not support Plaintiff's alleged loss of functioning, which the Court addresses on page 12 *supra*. The ALJ never articulated the parts of Plaintiff's testimony that are not well supported by the notes nor did he explain which parts of the notes he is referring to. The ALJ failed to refer to the specific inconsistencies between Plaintiff's testimony and the objective medical evidence which he claimed were the basis for his decision. Therefore, the ALJ did not make a proper determination of Plaintiff's credibility thereby erring in his evaluation of Plaintiff's subjective complaints.

## CONCLUSION

In summation, the Court finds that the ALJ improperly found that Plaintiff was "not disabled" within the meaning of the Act from August 3, 2016 through the date of the ALJ's decision. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 10) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 12) is DENIED, and the decision of the SSA is REMANDED for further proceedings in accordance with this opinion. In so holding, the Court expresses no opinion as to the ALJ's ultimate disability determination. The clerk is directed to CLOSE this case.

Date: 5 January 2021

A. David Copperthite
United States Magistrate Judge